May it please the court, and I'm Gregory Hughes, the attorney for the appellant. I'd like to reserve a couple of minutes of my time for rebuttal. The starting point here is the deed executed by the debtors to Mr. Coleman. That deed is effective only if California's bona fide purchaser law applies as against a bankruptcy trustee. There are two reasons why the deed was not effective. First, the bankruptcy code preempts California's bona fide purchaser law. Second, the deed is void because it violated the automatic state. Because it violated what? The automatic state. Okay. Let's start with preemption, because it's the easier argument. Well, let me ask you first, the trustee could have protected himself by notice in the county where the property was. Is that not right? The trustee could have recorded a copy of the petition in the county. That's correct. He did not. He did not. So there's no notice to the innocent purchaser out there. Title Company doesn't have any notice. That's correct, but that's inherent in the bankruptcy system. Section 541 says that property becomes property of the estate without regard for state law, and that includes recording laws. So property becomes property of the estate even though there is nothing recorded. And at the end of the case, when property is abandoned, it goes back to the debtor again with no recording. So Congress has established a procedure where real property is transferred without regard for the recording law. Well, that's just half of the equation. That means that it's operative. But then you also have BFP statutes that may require a penalty if you don't record, so you fail to record at your own risk. If nothing else happens, the property is conveyed. But if a bona fide purchaser is in the intervening time, why wouldn't that also be a possibility? The reason is that the bona fide purchaser laws are preempted by the Bankruptcy Code. What case do you have that specifically holds that State BFP laws are preempted by Bankruptcy Code? As far as I know, there is no case directly on point. But it follows from the authorities that we've cited in our brief regarding preemption in general. The law takes the BFP law would take away property of the estate in a way that's inconsistent with specific provisions of the Bankruptcy Code. Section 554d of the Bankruptcy Code says that property of the estate remains property of the estate until it is administered or abandoned. There's no room for anything else. That means that if there is a State statute which permits a conveyance on some other ground, that State statute must give way. The Bankruptcy Code trumps inconsistent State statutes. Merely inconsistent? I mean, if the two can coexist, if you can give effect to both of them, why would there be preemption? Because you're taking away property of the estate. In the context of this specific case, they cannot coexist. Well, they could have coexisted if there had been a recording of the petition. Yes, but a recording of a petition is a defense only in an action brought under Section 549a. This is not an action brought under Section 549a. Congress created a very limited defense. Well, that presupposes that 549a applies, right? Right. And we say that it doesn't. You say that it does not. It does not. This is not a – we did not bring this action under Section 549. This is an action for declaratory relief that the deed is not valid. We say it's not valid because the BFP laws were preempted and because the deed was void because of the automatic stay. Right. Okay. Well, an automatic stay is for the protection of the debtor. Is that not correct? That's part of it. But there are numerous decisions which have held that the automatic stay also exists to preserve the estate, to prevent the dismemberment of the estate, and to allow the liquidation of assets for the benefit of creditors. All of these are purposes of, you know, underlying purposes of the Bankruptcy Code. And so even though one part of the automatic stay is to protect the debtor, there are these other protection elements that also have to be taken into account. There could be protection for the estate by latching onto the proceeds of a sale so that there are some remedies for the trustee. Sure. But the as a practical matter, the debtors here spent the money and it's gone. And so. Well, that's another issue. It is another issue. It's not part of this particular case, because we're saying that the deed itself is ineffective. It did not operate to convey any interest. And so the trustee, the estate, still owns the property. And it's in effect. But we have to accept one of your two theories that would make it ineffective. It's not ineffective under State law just because the conveyor did not have good title. That's the general rule. Right. But the exception of the BFP statute would operate to effect, to make the deed effective. Right. So you're right. You have to accept one of or either of our theories, either of our arguments in order to affirm the bankruptcy court. Okay. On the automatic stay issue, it should be very simple. By its explicit terms, Section 362 applies to all entities. Section 362 covers any act to exercise control over property of the estate. That's a good textual argument, but what do we do with Enright Schwartz? Okay. In Schwartz, the sole issue before we're quoting, the sole issue before us is whether creditor violations of the Bankruptcy Code's automatic stay provisions are void or voidable. Creditor violations. The question of debtor transfers was not before the Court. No, but in order to make sense out of the way they came to their result, they had to get rid of a potential analytical problem. And the way they got rid of that problem was to say, well, the automatic stay doesn't really apply to debtor transfers, to conveyances by the debtor. They drew a line. The problem is that there is nothing in the Bankruptcy Code that justifies where they drew that line. There's nothing in Section 362 that says that acts by a creditor are void, but acts by a debtor are not void. And Section 362 applies to all entities, and it applies to all entities. What you're saying to us is that we've got to disregard Schwartz? I think that you can conclude that it is dictum and, therefore, not binding, and then deal with the merits of it, the merits of Schwartz dictum. But they never could have gotten where they did without that analysis, so I don't see that in this case being dicta. Except that the issue was not before them. The issue of a debtor transfer was not before them. And what they've done, what the Court did is similar to what the Supreme Court condemned in the Union Bank Wallace case, which we cited in our reply brief, and in the Travelers' Casualty v. PG&E decision, which came out earlier this year. And what the Supreme Court said was, essentially, thou shalt not split hairs in bankruptcy cases where the statutory language does not justify the distinction. And that's what we have here. The statutory language, the plain meaning of the statute, does not justify the distinction made in the Schwartz case. I'll reserve the balance of my time. All right. Thank you, counsel. We'll give you a couple of minutes for rebuttal. Thank you. May it please the Court, Mary Olden, on behalf of the appellees, say it to Coleman and Irwin Mortgage Company. Would you try to raise your voice? I will. The acoustics in this room are just awful. I beg your pardon, Your Honor. Mary Olden, on behalf of appellees, say it to Coleman and Irwin Mortgage Company, who are, as the Court demonstrates, it is aware, a first-time homebuyer and his purchase money lender. It was stipulated below and without factual dispute that they are a bona fide purchaser and a bona fide encumbrancer. The United States Supreme Court has twice addressed the issue of the interplay of State law governing real property and the bankruptcy law. The first time in Butner v. United States, where it said, well, Congress could have preempted the field, and this is a quote, Congress has generally left the determination of property rights and the assets of a bankrupt estate to State law. The Court went on to say that those rights should not be analyzed differently unless a Federal interest requires a different result. Now, as the Court has observed, there is potentially an action under 549 for what happened here, but the appellant relied solely on the automatic stay. So the question here is, is whether it is, whether a Federal interest requires that result from the automatic stay, when in fact 549 actually occupies that field. So what's your response to opposing counsel's alternative argument that the property becomes the property of the estate by operation of law, and therefore, the property of the estate, or the debtors had no title that could be conveyed to your clients, and that preempts State law? Well, I think those two arguments interplay. The, irrespective of the fact that the property became property of the estate, section 549, which is avoidance of unauthorized transfers and gives the trustee the power to avoid a transfer, clearly contemplates that a transfer is possible even if it's wrongful. His argument is that 549 never comes into play because the, there was no transfer to be avoided. There was never a transfer because the property became the property of the estate and could not be conveyed. What's your response to that argument? 549 would have no meaning. If an improper transfer always violated the stay, there could never be an unauthorized postpetition transfer. The second United States Supreme Court case on which we rely is BFPB Resolution Trust, and in that case, the Court said it is the general, we have said that the general welfare society is involved in the security of titles to real estate and the power to ensure that security adheres in the very nature of government. To displace traditional State regulation in such a manner, the Federal statutory purpose must be clear and manifest. Now, because appellant relied solely on the automatic stay, I think the Court needs to look at the automatic stay and see if it is a clear and manifest purpose of the automatic stay to remedy unauthorized postpetition transfers. The purposes of the automatic stay are to provide the debtors with protection against hungry creditors, and to protect creditors from other creditors' remedies which would drain the estate. That's this Court's decision in DMV Transworld Airlines, 72 Fed Third at 754. It is no purpose of the automatic stay to protect against debtor fraud, which we had here, or against trustee malfeasance in failing to record the debtor's petition. Criminal remedies lie for the first, and a claim on the trustee's bond for the second. It is manifestly the purpose of 549A to provide a remedy to the bankruptcy estate here, but it is no purpose of the automatic stay. And the trustee clearly did not bring this under 549A because the bona fide purchaser has a complete defense in 549C. Counsel, could you address 541, which is the alternative argument that was made? Well, yes. Property becomes property of the estate by operation of law, and no recording is required. That is clear. But whether someone has the right to convey property or the power to convey property are two different issues, or I should say the ability. And this Court, in fact, made that very distinction in a case which is cited by, I believe, both parties, In re Roosevelt. The State, the, in that case, Mr. Roosevelt, a debtor, had transmuted property, and the Court observed that Mr. Roosevelt had no ownership because he did not have the right to possess and use the property to the exclusion of others. But the Court observed that he did have the ability to convey those very interests to a subsequent bona fide purchaser. We also believe that in addition to the two Supreme Court's standards that I have elucidated for the use of a bankruptcy statute to invade state law property rights, this Court's own decisions, both In re Schwartz and 40235 Washington Street Court v. Lusardi, either compel or strongly militate in favor of appellees prevailing here. As the Court observed earlier, the Schwartz Court went through a very reasoned analysis, if the automatic stay applied to all transactions, what would be the purpose of 549? It's a fundamental precept of statutory construction that co-equal statutes should be read to give effect to both. If the trustee's argument is correct, 549A would never have a meaning. It would never have a purpose because every transaction would be void. Every transaction that qualified under 549 as a transfer would be void under the automatic stay. That's, I think, was basically the reasoning of Schwartz. It's perhaps better stated than Schwartz did, but it still requires us to ignore some plain language in the automatic stay section. And maybe that's what has to be done, but it certainly, the pure textual argument makes the automatic stay provision pretty all-encompassing. Well, we believe that this is not an exception to the automatic stay, but a defense because if you look at, for example, in a Chapter 11 case, the debtor is always exception, and I don't mean real property, but whatever the debtor's business assets are in a Chapter 11. There's no specific exception in the automatic stay for a Chapter 11 debtor to be transferring assets even in the ordinary course of business. So you have to read the statutes together to see when there is a defense in another portion of the bankruptcy code to authorize those conveyances. In addition to Schwartz, In re Lucardi would reach the same result here, another decision of this Court. It says that the purpose of Section 549, in contrast to the automatic stay, is to provide a just resolution when the debtor himself initiates an unauthorized postpetition transfer. That is exactly the case here. We also believe that the legislative history strongly supports the appellee's argument. In the Senate report that preceded enactment of the bankruptcy code, the legislative history said 549 gives the trustee the ability to record the debtor's petition. Otherwise, a purchaser, not including a purchaser at a judicial sale that has no benefit from obtaining the status of a bona fide purchaser by the mere commencement of the case. So in that case, the legislative history says merely the status of bona fide purchaser is important. And we believe that controls here. Does the Court have any other questions? I see that I'm on sum up. No. It appears not. Thank you. Thank you. Rebuttal. Thank you, Your Honor. Responding to a couple of points. Regarding Butner and BFP, there is an overriding exception. The State laws will apply unless there is a clear and manifest Federal statutory purpose or a Federal interest which displaces State law. Bankruptcy law, and especially law regarding property of the estate, is precisely that kind of clear and manifest. But States also have a very strong interest in preserving the title to real property located within its borders. So you have two very strong competing interests. Yes. And the rule is that when you have competing Federal and State interests, the Federal interests win. Always? Well, that's what preemption is all about. But preemption is not an absolute. Agreed. But the congressional purpose, as indicated by what Congress passed in the Bankruptcy Code, indicates that Congress did not want to protect State bona fide purchasers. Congress could have established an exception for State bona fide purchaser laws. It did not. It could have made Section 549 an exception to 362. It did not. Congress, by its silence, has indicated that it does not want to protect State bona fide purchasers. Well, silence can be read in a number of different ways. It could also be an indication that it wanted the State BFP laws to remain in effect. So silence is not necessarily determinative in every situation. It's – if there is no language that says that Congress wants State BFP laws to apply, that is an indication that it does not. But the Supreme Court said in BFP v. Resolution Trust, throughout its inquiry, the Court must also keep in mind that an essential State interest is at issue in the security of the titles to real estate. So I'm not sure that preemption is really a foregone conclusion in that circumstance. I'm not sure it's a foregone conclusion. That's why we're here, so that you can decide the issue. You've said pretty much that if you have a State law and a Federal law, the Federal law trumps. So that sounds like a foregone conclusion to me. That's the general rule, is that where there's a conflict between Federal law and State law, the Federal law wins. And you have to interpret this as a direct conflict, then. Yes. Because they're taking property of the estate away from the estate because of State law. Well, it's a tough problem, Counsel. Thank you. Thank you. Thank you to both Counsel. The case just argued is submitted for decision by the Court.
judges: Fletcher, Canby, Rawlinson